IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE DINWIDDIE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  CIVIL NO. 09-cv-776-DRH |
| | ) |
| JOHN EVANS, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner, currently detained in the Big Muddy Correctional Center as a sexually dangerous person, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Based on the financial information provided with his motion to proceed *in forma pauperis* (Doc. 2), the Court finds that Petitioner is unable to pay the filing fee. Therefore, Petitioner's motion to proceed *in forma pauperis* is **GRANTED**.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

**BACKGROUND**

Petitioner was civilly committed to the guardianship of the Illinois Director of Corrections as a sexually dangerous person on April 29, 1998, following a jury trial. *See, Dinwiddie v. Evans*, Case No. 05-886-GPM (S.D. Ill., April 21, 2008) (Memorandum and Order adopting report of Magistrate Judge). He appealed this judgment to the Illinois Appellate Court, Fifth District. *Id*. The appellate court affirmed his commitment on July 8, 1999. *Id*. He then petitioned for leave to appeal to the Illinois Supreme Court, which denied the petition on October 6, 1999. *Id*. After being committed, Petitioner filed three "Applications for Recovery" pursuant to 725 ILCS 205/9 requesting to be released, but these applications were either denied or dismissed. *Id*.

On December 19, 2005, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his confinement in the Big Muddy Correctional Center and his classification as a sexually dangerous person. *Id*. On February 1, 2006, this Court entered a Memorandum and Order dismissing all counts of the habeas petition which purported to challenge the original 1998 judgment finding Petitioner to be a sexually dangerous person because those claims were time barred by 28 U.S.C. § 2244(d)(1). *Id*. This Court, however, also determined that Petitioner was not challenging just the initial 1998 civil confinement proceeding, but also the three subsequent recovery proceedings in which his confinement was upheld. *Id*. The Court held that the Petitioner's challenges to his first two recovery proceedings were time barred under § 2244(d)(1), and that his challenge to the third recovery proceeding was procedurally barred. *Id*. Petitioner did not appeal from these adverse decisions. *Id*.

**THE PETITION**

In the instant petition, Petitioner claims that the state "trial court" erred in failing to find (or having a jury find) that he had a "serious difficulty" in controlling his criminal sexual behavior or

that it was "substantially probable" that Petitioner would engage in the commission of a sex offense in the future. Petitioner claims that these findings are required by the Supreme Court's decisions in *Kansas v. Hendricks*, 521 U.S. 346 (1997) and *Kansas v. Crane*, 534 U.S. 407 (2002). The instant petition indicates only one trial proceeding: the initial 1998 civil commitment. The Court's records, however, indicate that Petitioner's first "Application for Recovery" and his third "Application for Recovery" also proceeded to trial. *Dinwiddie v. Evans*, Case No. 05-886-GPM (S.D. Ill, April 21, 2008) (Memorandum and Order adopting report of Magistrate Judge). The first "Application for Recovery" was a jury trial and the third "Application for Recovery" was a bench trial. Thus, it appears that the instant action challenges some or all of these state court proceedings.

## DISCUSSION

Regardless of whether Petitioner is attacking his initial 1998 civil commitment proceeding or the trials concerning his post-commitment actions, the instant habeas action should be dismissed. As noted above, the Court's records show that Petitioner previously brought a § 2254 petition for a writ of habeas corpus challenging the initial 1998 civil commitment proceeding, the proceeding concerning his first "Application for Recovery," and the proceeding concerning his third "Application for Recovery." These prior actions were dismissed as either time barred or procedurally barred. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because petitioner did not obtain permission from the Seventh Circuit Court of Appeals to maintain the instant § 2254 application in this Court, the Court lacks authority to grant petitioner the relief he seeks.

**DISPOSITION**

Accordingly, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED,** without prejudice, because this Court lacks jurisdiction to entertain the petition. All pending motions are **DENIED** as moot.  The Clerk of Court is **DIRECTED TO CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:** March 23, 2010

/s/    DavidRHerndon
**DISTRICT JUDGE**