IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE DINWIDDIE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-776-DRH |
| | ) |
| JOHN EVANS, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Petitioner's motion for reconsideration (Doc. 6). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 28 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th

Cir. 2008) (*quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)).  In the instant case, Petitioner contends that the court erred in finding that it lacked jurisdiction to entertain his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because it was a "second or successive" habeas action and he had not received permission from the Seventh Circuit Court of Appeals to bring it in this Court.  *See* 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court construes the instant action as one under Rule 59(e) of the Federal Rules of Civil Procedure.

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

As noted in the Order dismissing this case, the Court's records show that Petitioner previously brought a § 2254 petition for a writ of habeas corpus challenging the following state court actions: (1) Petitioner's  initial 1998 civil commitment proceeding; (2) Petitioner's first "Application for Recovery" (filed July 16, 2002, and for which a jury trial was held); (3) Petitioner's second "Application for Recovery" (filed in Jefferson County Circuit Court, but dismissed on August 2, 2002,); and (4) Petitioners third "Application for Recovery" (filed in Jefferson County Circuit Court and for which a bench trial was held).  *See Dinwiddie v. Evans*, Case No. 05-886-GPM (S.D. Ill, April 21, 2008) (Memorandum and Order adopting report of Magistrate Judge).  Petitioner's habeas challenges to these four state court actions were dismissed as either time barred or procedurally barred.  *Id*.

In his motion for reconsideration, Petitioner contends that "he had propose[d] challenging

2

[the] denial of his (1998) adjudication and commitment as a sexually dangerous person." As indicated above, however, Petitioner previously filed a § 2254 habeas petition in federal court challenging his 1998 state court commitment proceeding. *Id*. His § 2254 habeas challenge to the 1998 state commitment proceeding was rejected by United States District Judge G. Patrick Murphy in *Dinwiddie v. Evans*, Case No. 05-886-GPM (S.D. Ill). Therefore, Petitioner cannot challenge the 1998 state commitment proceeding in this § 2254 case unless and until he gets permission to do so from the Seventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner also contends "that he does not need authorization to proceed against the so-called discharge-recovery proceeding[s] because they were separate from the 1998 commitment trial." What Petitioner overlooks, though, is that three "discharge-recovery proceedings" were included as part of Petitioner's first § 2254 habeas petition filed in this Court. *Dinwiddie v. Evans*, Case No. 05-886-GPM (S.D. Ill). Again, Petitioner's § 2254 habeas challenge to these three "discharge-recovery proceedings" were rejected by United States District Judge G. Patrick Murphy in *Dinwiddie v. Evans*, Case No. 05-886-GPM (S.D. Ill). Therefore, Petitioner cannot challenge these same three "discharge-recovery proceedings" in this § 2254 action unless and until he gets permission to do so from the Seventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A).

The instant habeas petition does not indicate that Petitioner has commenced any new "discharge-recovery" proceedings in state court. Nor does Petitioner's motion for reconsideration indicate that he is seeking § 2254 habeas relief for a "discharge-recovery" proceeding which was not already considered by Judge Murphy in *Dinwiddie v. Evans*, Case No. 05-886-GPM (S.D. Ill).

Accordingly, Petitioner's motion for reconsideration (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** April 26, 2010

/s/   DavidRHerndon
**DISTRICT JUDGE**